# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

February 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 11-0493** (Wood County 09-F-189)

**David Persons,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner's appeal, by counsel Donald Adrian Hoosier II, arises from the Circuit Court of Wood County, wherein he was re-sentenced by order entered on November 8, 2011. The State, by counsel Thomas W. Rodd, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner pled guilty to one count of fleeing from an officer in a vehicle, which was a lesser included offense the charge he was indicted on, fleeing from an officer in a vehicle while under the influence of alcohol. Petitioner requested probation or an alternative sentence, but was sentenced to one year of incarceration. The circuit court found that an alternative sentence or probation was not proper based on petitioner's character and the likelihood of committing another crime.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Moreover, "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 6, *State v. Slater*, 222 W.Va. 499, 665 S.E.2d 674 (2008). However, this Court has held as follows:

> Punishment may be constitutionally impermissible, although not cruel or unusual in its method, if it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity, thereby

1

violating West Virginia Constitution, Article III, Section 5 that prohibits a penalty that is not proportionate to the character and degree of an offense.

Syl. Pt. 5, *State v. Cooper*, 172 W.Va. 266, 304 S.E.2d 851 (1983).

Petitioner argues on appeal that the circuit court erred in sentencing him to one year, stating that the sentence "shocks the conscience" and that the court failed to consider mitigating circumstances. Further, petitioner argues that the circuit court impermissibly considered a separate charge for which petitioner was never convicted, and denied his due process rights by not permitting him to review his pre-sentence investigation report. Finally, petitioner argues that counsel below was ineffective in failing to fully explain the ramifications of petitioner's guilty plea.

In response, the State argues that petitioner's sentence is within statutory limits and is not disproportionate. Further, the State argues that there is no evidence that the circuit court considered any other charge against petitioner, nor is there evidence that petitioner was denied access to his pre-sentence investigation. As to the claim of ineffective assistance of counsel, the State argues that a habeas proceeding is the proper forum to litigate this claim.

Upon our review, we find no abuse of discretion by the circuit court in sentencing petitioner to one year of incarceration following his guilty plea. The sentence imposed was within statutory limits and not based on an impermissible factor, nor was it disproportionate to the crime. As to the claim of ineffective assistance of counsel, this Court finds that it does not possess a sufficient record on which to determine the effectiveness of counsel. As such, this Court does not address the merits of the ineffective assistance of counsel claim pursuant to *State v. Frye*, 221 W.Va. 154, 650 S.E.2d 574 (2006).

For the foregoing reasons, the circuit court's sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: February 11, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II